No. 36.—GRENVILLE & BATTEY, plaintiffs in error, *vs.* J. J. TRAMMELL, defendant in error.

[1.] A party is arrested on a *ca. sa.* issued in favor of the firm of Grenville & Battey, and gives bonds payable to Charles E. Grenville & William H. Battey ; in the condition of the bond it is recited that the *ca. sa.* issued in favor of Charles E. Grenville & William H. Battey, and the *ca. sa.* itself recites that these individuals compose the firm of Grenville & Battey. *Held*, that the bond is a valid bond.

*Ca. sa.* from Whitfield Superior Court. Decided by Judge LUMPKIN. October Term, 1852.

The facts of this case are as follows :

Jasper J. Trammell had been arrested on a *ca. sa.* in favor of Grenville & Battey and gave bond and security for his appearance at Court, to take the benefit of the " Act for the relief on honest and insolvent debtors." This bond was made payable to Charles E. Grenville & William H. Battey, in-

stead of to Grenville & Battey. The defendant failed to appear, and the plaintiffs moved to enter judgment on the bond against him and his securities. This was resisted, on the ground that the bond was not made payable to the plaintiffs in *ca. sa.* as required by the Statute. It appeared that Charles E. Grenville and William H. Battey were the persons composing the firm of Grenville & Battey.

The Court sustained the objection, and decided that judgment could not be entered up on the bond.

To which decision plaintiff excepted.

MILNER, for plaintiff in error.

No one appearing for defendant, the cause was heard *ex parte.*

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The single question here is, whether the bond is sufficient. The *ca. sa.* issued in favor of Grenville & Battey, and the bond is payable to Charles E. Grenville and William H. Battey. The assumption is, that this is not a bond payable to the plaintiffs in the process, and therefore void. The Statute makes it the privilege of a party arrested on a *ca. sa.* to avoid commitment by giving a bond to the plaintiff, with security for his appearance. It does not require it to be given, much less does it prescribe the form of the bond, or declare that a bond in any other form shall be void. In this last particular, the bond is in a different position from what the attachment bond occupies, which we have held must be in strict conformity with the Statute. The condition of this bond recites that the *ca. sa.* issued in favor of Charles E. Grenville and William H. Battey, and the *ca. sa.* itself recites that Charles E. Grenville and William H. Battey, constitute the firm of Grenville & Battey. The obligees are therefore identified as the persons who compose the firm, which is the plaintiff in the process. The obligors, by their own recitals, we

hold to be estopped from denying that their bond is made to the plaintiffs in the *ca. sa.*

Let the judgment be reversed.